UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAURIE MOROCH,                          :

    Plaintiff,                          :

V.                                      : CASE NO. 3:07-CV-1574 (RNC)

UNITED STATES OF AMERICA,               :
DEPARTMENT OF TREASURY,                 :
INTERNAL REVENUE SERVICE,               :

    Defendant.                          :


<u>Ruling and Order</u>

Plaintiff Laurie Moroch brings this action against the
Internal Revenue Service seeking a declaration that she owns
certain property free and clear of several federal tax liens
filed against her former husband, Todd Moroch.  The IRS has moved
for summary judgment.  For reasons that follow, the motion is
granted in part and denied in part.

I. <u>Legal Standard</u>

Summary judgment may be granted when there is no genuine
issue as to any material fact and the moving party is entitled to
judgment as a matter of law.  Fed. R. Civ. P. 56.

II.  <u>Facts</u>

The following facts are undisputed.  In 1993, Laurie and
Todd Moroch acquired title to real property located at 149
Ramhorne Road in New Canaan, Connecticut ("the real property").
On May 7, 2003, Laurie and Todd were divorced pursuant to a

Connecticut Superior Court judgment that incorporated a separation agreement executed the same day.  The agreement provided that Todd would pay Laurie $340,000 per year in alimony and child support and quit claim his interest in the real property to her.  Todd retained an interest in ten per cent of the net proceeds from any future sale of the real property, but agreed to forfeit this ten per cent interest in the event he sought to modify his alimony and support payments.

Todd conveyed his interest in the real property to Laurie on May 28, 2003, and she recorded the conveyance in the land records of the Town of New Canaan on June 5, 2003.  In time, Todd fell behind in his support payments.  On November 5, 2004, he and Laurie executed another agreement.  Under the terms of this agreement, Todd released his ten per cent interest in the net proceeds from any future sale of the real property, and Laurie waived past due support payments totaling $166,467.  At the time, the value of the real property was assessed at $1,480,700.

The IRS has three liens against Todd for unpaid taxes for 2001, 2002 and 2003 (i.e., one lien for each year).  The lien for 2001 arose on November 18, 2002, before Todd conveyed his interest in the real property to Laurie, and was recorded on November 26, 2003, after the conveyance.  The lien for 2002 arose on December 1, 2003, and was recorded on December 26, 2003.  The lien for 2003 arose on March 22, 2004, and was recorded on

2

December 13, 2005.  The record indicates that only the 2003 lien
was recorded in the Office of the Connecticut Secretary of State.

III. Discussion

Under the Internal Revenue Code, if a person fails to pay a
tax liability after demand has been made, a tax lien arises on
the person's property.  26 U.S.C. § 6321 ("If any person liable
to pay any tax neglects or refuses to pay the same after demand,
the amount . . . shall be a lien in favor of the United States
upon all property and rights to property, whether real or
personal, belonging to such person.").  The lien arises
automatically "at the time the assessment is made," id. § 6322,
and remains on the property even if the property is transferred.
See United States v. Bess, 357 U.S. 51, 57 (1958) ("The transfer
of property subsequent to the attachment of the lien does not
affect the lien, for it is the very nature of the lien, that no
matter into whose hands the property goes, it passes cum onere.")
(internal quotation omitted).

The relative priority of a federal tax lien is governed by
federal law.  United States v. Equitable Life Assurance Soc'y,
384 U.S. 323, 328 (1966); Hartford Provision Co. v. United
States, 579 F.2d 7, 9 (2d Cir. 1978).  In general, priority is
governed by the rule "'first in time is the first in right.'"
Don King Prods. v. Thomas, 945 F.2d 529, 533 (2d Cir. 1991)
(quoting United States v. City of New Britain, 347 U.S. 81, 87-88

3

(1954)).  With regard to certain creditors, however, the relative priority of interests is controlled by 26 U.S.C. § 6323.  <u>United States v. McCombs</u>, 30 F.3d 310, 321 (2d Cir. 1994).  Under § 6323(a), "the lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary."

The IRS contends that its 2001 lien is valid against the interest in the real property Laurie obtained from Todd in 2003 and that its 2001, 2002 and 2003 liens are valid against the ten per cent interest in future sale proceeds she obtained from him in 2004.  Laurie contends that she is protected against the liens under § 6323(a) because she qualifies as a "judgment lien creditor" with regard to the real property and as a "purchaser" with regard to the ten per cent interest in future sale proceeds.  For reasons explained below, I conclude that Laurie does not qualify as a "judgment lien creditor" with regard to the real property but does qualify as a "purchaser" with regard to the future sale proceeds.

A.  <u>The Real Property</u>

IRS regulations implementing § 6323 define the term "judgment lien creditor" as one "who has obtained a valid judgment, in a court of record and of competent jurisdiction, for

4

the recovery of specifically designated property or for a certain sum of money." 26 C.F.R. § 301.6323(h)-1(g). This definition accords with the ordinary meaning of the term. A "creditor" is defined as "one to whom a debt is owed." Black's Law Dictionary 304 (7th ed. 1999). A "judgment lien" is defined as a "lien imposed on a judgment debtor's nonexempt property . . . [which] gives the judgment creditor the right to attach the judgment debtor's property." Id. at 747. Like all liens, a judgment lien is a legal interest of a creditor in the property of another. See id. at 745 (defining "lien" as a "legal right or interest that a creditor has in another's property, lasting [usually] until a debt or duty that it secures is satisfied"). Accordingly, to be a "judgment lien creditor" under § 6323(a), one must be a creditor who, pursuant to a valid judgment, obtains a legal interest in the property of another to secure satisfaction of a debt or performance of an obligation.

Laurie does not qualify as a judgment lien creditor under this definition. She is not a creditor, her interest in the real property is not an interest in the property of another (it is her own property), and her interest in the property does not secure payment of a debt or performance of an obligation.

Case law supports this conclusion. In re Suarez, 182 B.R. 916 (Bankr. S.D. Fla. 1995), presented the question whether a divorce decree awarding property to one spouse created a lien in

favor of that spouse.  The court concluded that it did not:

> A divorce decree has the effect of either
> extinguishing or reordering pre-existing
> property interests of the parties and
> creating new interests in place of the old.
> In the instant case, Debtor was awarded sole
> title to the marital residence pursuant to
> the [divorce decree]. The [divorce decree]
> does not give Debtor a charge against or
> interest in property to secure payment of a
> debt or performance of an obligation. Rather,
> it is an order reordering pre-existing
> property interests of the parties and
> creating new interests in place of the old.
> Therefore, as a matter of law, the [divorce
> decree] did not create a 'lien' at all.

Id. at 922 (internal citations and quotations omitted).

Similarly, in United States v. Byrnes, 848 F. Supp. 1096,
1099 (D.R.I. 1994), the court determined that a spouse who was
awarded the marital home pursuant to a divorce decree was not a
judgment lien creditor because "there [was] no evidence that
[she] had any judgment for recovery of a sum certain from [her
ex-husband] before the federal tax lien was recorded." See also
United States v. Schaudt, No. 07 C 0895, 2008 WL 4567645, at * 7
(N.D. Ill. Oct. 8, 2008) (former spouse "who gained rights to the
property pursuant to the terms of a marital settlement agreement,
arising out of divorce proceedings . . . is not a . . . judgment
lien creditor"); Harris v. United States, 588 F. Supp. 835, 837
(N.D. Tex. 1984) ("Although [former spouse] obtained the
residence at issue pursuant to a judgment, it does not appear to
the Court that she is a 'judgment lien creditor'; she obtained no

money judgment against her husband that could be secured by a judgment lien."), aff'd 764 F.2d 1126 (5th Cir. 1985).[1]

Because Laurie does not qualify for protection under § 6323(a) as a judgment lien creditor with regard to the real property, the 2001 tax lien imposed on Todd's interest in the property in November 2002 is valid against her.  Laurie's argument to the contrary is unavailing.  Accordingly, summary judgment is granted to the IRS on this aspect of the case.

B.  The Future Sale Proceeds

Treasury Regulations define a "purchaser" as one "who, for adequate and full consideration in money or money's worth . . ., acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice."  26 C.F.R. § 301.6323(h)-1(f)(1).  "Adequate and full consideration in money or money's worth" is defined as "consideration in money or money's worth having a reasonable relationship to the true value of the interest in property acquired."  Id. § 301.6323(h)-1(f)(3).  The

_____

[1]  The cases plaintiff cites in favor of her position are distinguishable.  In United States v. Taylor, 338 F.3d 947 (8th Cir. 2003), and In re Estate of Harless, 98 F. Supp. 2d 1337 (S.D. Ala. 2000), there was no question that the party seeking to avoid the tax lien had a judgment lien.  In Carter v. United States, 216 F. Supp. 2d 700 (W.D. Tenn. 2002), whether the plaintiff had a judgment lien or not was not an issue before the court.  Rather, the decision turned on whether the judgment lien had attached to the personal property at issue and been recorded. Id. at 705-06.  Therefore, I accord these decisions less weight than those cited in the text.

term "money or money's worth" includes "tangible or intangible property, services, and other consideration reducible to a money value." Id. This includes waiver of alimony and support payments. See Byrnes, 848 F. Supp. at 1098 ("Like the relinquishment of any other valuable legal right, a waiver of alimony has been recognized as consideration.") (citing Law v. United States, 1982 WL 1733 (N.D. Cal. 1982).[2]

Given the undisputed facts in this case, I find that Laurie qualifies as a purchaser of Todd's ten per cent interest in the net proceeds of any future sale of the real property. In exchange for this ten per cent interest, she waived arrearages in support payments that totaled $166,467. As mentioned, the assessed value of the real property at the time was $1,480,700. In effect, she exchanged one chose in action worth $166,467 for another worth approximately $148,070. In doing so, she provided adequate consideration for the conveyance by Todd.[3]

---

[2] The regulations state that "[a] relinquishing or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights is not a consideration in money or money's worth." 26 C.F.R. § 301.6323(h)-1(a)(3). Alimony and support payments do not constitute "other marital rights" within the meaning of this regulation. Marital rights are "[r]ights and incidents (such as property or cohabitation rights) arising from the marriage contract." Black's Law Dictionary 784 (7th ed. 1999). Rights to alimony and support arise not from the marriage contract but from a court order upon dissolution of a marriage.

[3] In opposing Laurie's argument that she qualifies as a purchaser of Todd's interest, the IRS observes that Todd was

Because Laurie qualifies as a purchaser of this interest under § 6323(a), she is protected against the tax liens at issue unless they were properly recorded before she acquired the interest.  The liens for 2001 and 2002 were recorded before November 2004 (when Laurie obtained the interest from Todd), but the record indicates that they were not recorded with the Secretary of State as required by state law.

Under § 6323(a), a federal tax lien is not valid against a subsequent purchaser unless "notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." 26 U.S.C. § 6323(a).  Subsection (f) instructs that when a state has designated by law a place for the filing of federal tax liens, notice shall be filed in the office so designated.  Id. § 6323(f).  Under Connecticut law, federal tax liens on personal property, whether tangible or intangible, must be recorded in the office of the Secretary of State.  Conn. Gen. Stat. § 49-32a(2).

In the absence of evidence that a tax lien on Todd's interest in the future sale proceeds was properly recorded with the Secretary of State before he conveyed this interest to Laurie, the IRS is not entitled to summary judgment on its claim that it has a valid lien on this interest.

---

under a pre-existing obligation to pay the arrearages in his
support payments.  The consideration provided by Todd might have
been inadequate.  But the consideration that must be analyzed is
the consideration provided by Laurie.

9

III. <u>Conclusion</u>

For the forgoing reasons, the motion for summary judgment is granted in part and denied in part.

So ordered this 24th day of July 2009.

<u>        /s/ RNC        </u>
Robert N. Chatigny
United States District Judge